UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY MAURICE MILLER,<br><br>             Movant,<br><br>      -vs-<br><br>UNITED STATES OF AMERICA,<br><br>             Respondant. | No.   2:13-0008-WFN-29<br><br>ORDER RE: §2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 4039. The Motion is submitted by Anthony Miller, who is appearing *pro se* in these proceedings.

### BACKGROUND

Mr. Miller was indicted on January 25, 2013 for Conspiracy to distribute a controlled substance and three counts of distribution of a controlled substance. Mr. Miller pled to Count Two on May 1, 2014. ECF No. 2105. On March 10, 2015, the Court sentenced Mr. Miller to 74 months incarceration and dismissed the remaining counts. ECF No. 3495. The judgment became final for purposes of collateral attack fourteen days later.

### DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255(b). The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion

ORDER - 1

and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Miller must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

Because the Court cannot say conclusively that Mr. Miller is not entitled to relief, the Court asks that the Government respond. The Court has reviewed the file and Mr. Miller's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Mr. Miller's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed February 8, 2016., **ECF No. 4039**, is **RESERVED**.

2. The United States shall answer Movant's § 2255 Motion by **April 29, 2016**. The contents of the answer shall conform to the requirements of Rule 5(b) of the Rules-Section 2255 Proceedings.

3. Movant shall serve and file a reply to United States answer, if any, **within thirty (30) days of service** of United States' answer.

4. If Movant raises new issues in his reply, the Government may respond to those issues in a supplemental response to be filed and served within 20 days of service of the Movant's reply.

5. The Court will take the matter under advisement when the briefing is complete.

6. Movant shall serve upon the United States Attorney a copy of every further pleading or document submitted for consideration by the Court. He shall include with the

ORDER - 2

original paper to be filed with the District Court Executive, a certificate stating the date a true and correct copy of any document was mailed to the United States. The Movant shall also supply to the District Court Executive a copy for the Judge of all filings. Local Rule 5.1(a). Any paper received by a District Court Judge which has not been filed with the District Court Executive or which fails to include a certificate of service will be disregarded by the Court. Movant is also advised that throughout this action he must notify the District Court Executive regarding any change of address.

The District Court Executive is directed to File this Order and provide copies to counsel and *pro se* Movant

**DATED** this 2nd day of March, 2016.

03-01-16

                        s/ Wm. Fremming Nielsen
                        WM. FREMMING NIELSEN
                        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3