UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY MAURICE MILLER,<br><br>        Movant,<br><br>   -vs-<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No.   2:13-0008-WFN-29<br><br>ORDER DENYING § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 4039. The Motion is submitted by Anthony Miller, who is appearing *pro se* in these proceedings.

## BACKGROUND

Mr. Miller was indicted on January 25, 2013 for conspiracy to distribute a controlled substance and three counts of distribution of a controlled substance. Mr. Miller pled guilty to Count 2 on May 1, 2014. ECF No. 2105. On March 10, 2015, the Court sentenced Mr. Miller to 74 months incarceration and dismissed the remaining counts. ECF No. 3495. The judgment became final for purposes of collateral attack fourteen days later.

## DISCUSSION

To gain relief, Mr. Miller must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Miller has met the first two elements. In support of the third element, Mr. Miller argues that his counsel performed ineffective assistance of counsel related to the terms of the Plea Agreement as well as alleging that the

ORDER - 1

Court "sent an email to my attorney and the others for them to not work hard" in his case. ECF No. 4039.

The Sixth Amendment guarantees criminal defendants the "constitutional right to be represented by counsel at all critical stages of the prosecution, including the plea proceeding." *United States v. Akins*, 276 F.3d 1141, 1146 (9th Cir. 2002) (citations omitted). "Strickland's two-prong test applies to ineffectiveness claims arising from the plea process. The first part of the inquiry is whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. The second part, the prejudice inquiry, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (internal citations omitted).

Mr. Miller cannot show that Mr. Wetzel's advice fell below an acceptable level of competence required of criminal defense attorneys. The Court engaged in a lengthy colloquy with Mr. Miller prior to accepting his plea of guilty. Mr. Miller expressed satisfaction with Mr. Wetzel and his advice and indicated to the Court that he understood the Plea Agreement and what it meant. This alone is sufficient to show effective assistance of counsel. Further, the Court notes that Mr. Miller cannot show prejudice. Mr. Miller expressed concern regarding his attorney's advice stating, "I am a first time offender and did not have a clue about what other alternatives were available to me besides a prison sentence." Upon review of the sentences received by similarly situated co-Defendants, the only option available was a prison term. It is clear that Mr. Miller received consideration for the fact that he had a low criminal history score as his sentence was on the low end of sentences for co-Defendants who engaged in similar activities.

Mr. Miller also claims that the Court violated his constitutional rights by allegedly sending an email telling his attorney not to work hard on his case. He goes on to explain, "I had no idea that an email had existed . . . ." He did not know about any such email because no such email existed. At no time did the Court tell Mr. Wetzel, or any attorney in the case, via email or otherwise, that they should not work hard on the case. The Court

ORDER - 2

restricted all contact with attorneys to in-court hearings and Orders. Review of all available materials will bear out the Court's claim that no such request was made of counsel. Any claims of ineffective assistance that may arise out of this accusation cannot meet the *Strickland* standards because even if such an email existed, Mr. Miller made no showing that Mr. Wetzel actually performed substandard assistance of counsel.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Miller's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed February 8, 2016, **ECF No. 4039**, is **DENIED**.

The District Court Executive is directed to:
- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:16-CV-0037-WFN.

**DATED** this 13th day of June, 2016.

>                  s/ Wm. Fremming Nielsen
>             WM. FREMMING NIELSEN
> SENIOR UNITED STATES DISTRICT JUDGE

06-08-16

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER - 4